UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JEFFREY B. SCHMUTZLER, | ) |
| Petitioner, | ) Civil No. 5: 18-231-JMH |
| V. | ) |
| FRANCISCO QUINTANA, Warden, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Respondent. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Jeffrey B. Schmutzler has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In August 2014, Schmutzler was sentenced to 108 months imprisonment for the receipt and distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2). The Third Circuit affirmed on direct appeal, and the trial court has denied dozens of motions filed by Schmutzler seeking to vacate his conviction, reduce his sentence, and obtain other forms of ancillary relief. *United States v. Schmutzler*, No. 1: 13-CR-65-WWC-1 (M.D. Penn. 2013).

In one of those post-judgment filings, Schmutzler argued that the federal government lacked the authority to criminalize his conduct on the theory that such authority was reserved to the

several States. The trial court rejected that argument, noting that in enacting Section 2252A(a)(2) Congress was validly exercising its authority to criminalize conduct with an effect on interstate commerce. [R. 107 therein at 6 (citing *United States v. MacEwan*, 445 F. 3d 237, 245 (3d Cir. 2006)] The Sixth Circuit has reached the same conclusion. *United States v. Andrews*, 383 F. 3d 374 (6th Cir. 2004).

Schmutzler repeats that argument here, contending that there is no federal jurisdiction over purely intra-state conduct. He also argues that his federal sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. [R. 1 at 2, 6-8]

The Court must deny Schmutzler's petition because he may not pursue these claims in a habeas corpus petition filed pursuant to 28 U.S.C. § 2241. A federal prisoner must challenge his federal conviction or sentence by filing a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). A habeas corpus petition pursuant to 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The only exception to this rule is where after the defendant's conviction becomes final, the Supreme Court re-interprets the

substantive terms of the criminal statute under which the petitioner was convicted in a manner that establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Schmutzler's challenges to the federal government's authority to criminalize his conduct and to the severity of his sentence are claims that he could, and therefore must, have pursued on direct appeal and in an initial motion under Section 2255. *Jacobs v. Miles*, 104 F. App'x 431 (5th Cir. 2004) (affirming dismissal of § 2241 petition challenging federal jurisdiction over offense conduct under *United States v. Lopez*, 514 U.S. 549 (1995)); *Carr v. Holder*, 154 F. App'x 95, 96-97 (11th Cir. 2005) (same). Because § 2255 is not an inadequate and ineffective remedy to assert his claims, his § 2241 petition must be denied.

Accordingly, **IT IS ORDERED** as follows:

1. The petition filed pursuant to 28 U.S.C. § 2241 by Jeffrey B. Schmutzler [R. 1] is **DENIED** with respect to all issues raised in this proceeding.

2. This action is **STRICKEN** from the Court's docket.

This the 10th day of May, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge